```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


DANIEL JOHN RILEY
             Plaintiff,
     v.                                        C.A. No. 12-175-ML

THOMAS COLANTUONO,
JOHN P. KACAVAS,
SETH R. AFRAME,
each in their individual capacity,

             Defendants.
```

## MEMORANDUM AND ORDER

MARY M. LISI, Chief Judge.

Daniel John Riley ("Riley") has brought a *pro se* complaint against former U.S. Attorney for the District of New Hampshire Thomas Colantuono ("Colantuono"), current U.S. Attorney for the District of New Hampshire John P. Kacavas ("Kacavas"), and current Assistant U.S. Attorney for the District of New Hampshire Seth R. Aframe ("Aframe", together with Colantuono and Kacavas, the "Defendants"). Riley, who is currently a prisoner at the United States Correctional Institution at Terre Haute, Indiana,[1] seeks compensatory, punitive, and exemplary damages for the loss of seven firearms that were forfeited in a civil action. Riley's complaint was referred to a magistrate judge for preliminary review pursuant

---

[1] The circumstances of Riley's criminal conviction - to which the instant litigation is related - are set forth in United States v. Gerhard, 615 F.3d 7 (1st Cir. 2010).

to 28 U.S.C. § 1915A. On June 13, 2012, Magistrate Judge David L. Martin issued a Report and Recommendation ("R&R") in which he recommended that Riley's claims of (Count II) substantive due process, (Count IV) civil conspiracy, (Count V) theft by deception, and (Count VI) intentional infliction of emotional distress be dismissed and that Riley be allowed to proceed with his claims of (Count I) procedural due process, and (Count III) equal protection. The matter before the Court is Riley's motion to amend his complaint to include certain factual allegations intended to preserve his claim of civil conspiracy which the R&R recommended for dismissal. In his motion, Riley also states that he agrees to the dismissal of Counts II, V, and VI of his original complaint.

For the reasons that follow, the Court herewith adopts the R&R in its entirety. Riley's motion to amend his complaint is herewith granted.

**I. Factual Background and Procedural Posture**[2]

Riley, together with two other individuals, was convicted after providing firearms and explosives to two individuals who had refused to surrender following federal tax convictions. In connection with these events, agents of the United States seized seven firearms owned by Riley. After Riley failed to answer a

---

[2] In light of the thorough and detailed recitation of facts in the R&R, the Court will only briefly summarize those facts that are most pertinent.

civil forfeiture complaint, the firearms were ordered forfeited. Subsequently, Riley sought to reopen the civil forfeiture, claiming that he had not received adequate notice of the proceedings. When his claim was denied, Riley appealed the denial to the First Circuit Court of Appeals, which denied his appeal. According to Riley, he was deprived of his property without ever receiving proper notice or being afforded an opportunity to be heard on the matter. Specifically, Riley alleges that the Defendants filed fraudulent documents to support a false representation to the New Hampshire District Court that Riley's attorney had been properly served with the civil forfeiture complaint and other relevant documents.

## II.  Standard of Review

The Court, in reviewing a magistrate judge's recommendation, makes "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2009). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Fed. R. Civ. P. 72(b)(3). When reviewing a magistrate judge's determination, the district court is required to review and weigh the evidence presented to the magistrate judge. United States v. Raddatz, 447 U.S. 667, 675, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

## III.  The Report and Recommendation

With respect to Riley's civil conspiracy claim, the magistrate judge recommended dismissal of the claim after concluding that the factual allegations asserted by Riley were insufficient to support such a claim. In his original complaint, Riley simply asserted that the Defendants "acted in concert, and/or by agreement to accomplish unlawful purposes or to accomplish lawful purposes by unlawful means," thus causing Riley damage. Complaint ¶ 27. As correctly assessed by the magistrate judge, these "in concert" allegations are conclusory in nature and, where such claims are "not supported by additional factual allegations describing the alleged conspiracy," they are not entitled to be assumed to be true. R&R at 13 (quoting Bertuglia v. City of New York, 839 F. Supp.2d 703, 728 (S.D.N.Y. 2012)). Hence, the recommendation to dismiss the civil conspiracy claim was appropriate in light of the omission of factual allegations in the original complaint.

**IV.  The Motion to Amend the Complaint**

As previously noted, Riley is in agreement with the R&R that Counts II, V, and VI of his original complaint should be dismissed. However, in order to preserve his claim of (Count IV) civil conspiracy, Riley has added certain factual allegations in his amended complaint. Riley now asserts that the Defendants acted in concert, and/or by agreement "(as is evidenced by their executing certain documents together)." Amended Complaint ¶ 24. In addition, Riley claims that Colantuono and Aframe's names appear together on

4

an "initiating cover letter," related to an allegedly fraudulent affidavit of service, Amended Complaint at ¶ 8, and that Kacavas's and Aframe's names appear together on documents objecting to Riley's inadequate notice claim. Id. at ¶ 13.

## IV. Discussion

In a preliminary review of claims against governmental officers or employees pursuant to 28 U.S.C. § 1915A, a plaintiff's factual assertions are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. See e.g., Toolin v. White, 89 Fed. Appx. 746, 2004 WL 528451 at *1 (1st Cir. 2004). In order to state a claim for civil conspiracy, Riley must establish "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement. A conspiracy to deprive a plaintiff of a civil rights action by lying or concealing evidence might constitute such an actionable deprivation." Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991)(citing Dooley v. Reiss, 736 F.2d 1392, 1394-95 (9th Cir.) *cert. denied*, 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984)). "To state a claim for conspiracy to violate one's constitutional rights . . . the plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. Cty. of King, 883 F.2d 819, 821 (9th Cir. 1989).

Riley maintains that he was deprived of adequate notice of the

5

civil forfeiture proceedings and that the Defendants supported their objections to his attempt to reopen such proceedings by submitting fraudulent documents to the New Hampshire District Court. The factual allegations supporting Riley's claims that the Defendants acted in concert or by agreement are limited to assertions that the Defendants executed these fraudulent documents together, as evidenced by their respective signatures appearing together on such documents. However, when such factual assertions are accepted as true and all reasonable inferences are drawn in Riley's favor, the Court is not prepared to dismiss Riley's claim of civil conspiracy at this preliminary stage.

## Conclusion

For the foregoing reasons, the Court adopts the R&R in its entirety. Counts II, V, and VI of the original complaint are DISMISSED. Riley's motion to amend his complaint is GRANTED. Riley may proceed on Counts I, II, and III of his amended complaint.


SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

July 26, 2012